**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 96-30340**
**Summary Calendar**
_____


**ROBERT BOOS, JR.,**

**Plaintiff-Appellant,**


**VERSUS**


**BP EXPLORATION & OIL INC., ET AL,**

**Defendants,**

**BP EXPLORATION & OIL INC.,**

**Defendant-Third Party Plaintiff-Appellee,**

**and**

**ELECTRICAL & INSTRUMENTATION**
**UNLIMITED OF LOUISIANA,**

**Third Party Defendant-Appellee.**

_____

Appeal from the United States District Court
For the Eastern District of Louisiana

(95 CV 983)
_____

April 3, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

**BACKGROUND**

In March of 1994, Robert Boos, Jr. ("Boos") was an employee of Electrical & Instrumentation Unlimited of Louisiana ("EIU") who was the subcontractor of Wyatt Field Services Company ("Wyatt"), a Houston based company who had contracted with BP Exploration & Oil, Inc. ("BP), to perform certain maintenance and restoration work at BP's Alliance Refinery in Plaquemines Parish, Louisiana. The specific "job site" for this work was a "cat-cracker unit" located inside the perimeter security fence surrounding BP's refinery. To get to his job site, Boos drove his personal automobile to a parking lot located outside the security fence of the refinery, boarded a bus furnished by his employer EIU at a security gate, and rode the bus to his job site. At the end of the workday, Boos again boarded the bus furnished by his employer in order to ride to the security gate from which he could reach his private automobile. The time for which Boos was paid included time riding on the bus to and from the security gate. On March 11, 1994, during the trip from the job site to the security gate, Boos alleges that the bus struck a pothole in the road causing Boos to fall from his seat and sustain injuries. In February 1995, Boos sued BP in the Louisiana state district court for the Parish of Plaquemines. In March 1995, BP removed the suit to the United States District Court for the Eastern District of Louisiana. In October 1995, BP filed a motion for summary judgment asserting that it was the statutory employer

2

of Boos, that the injury occurred during the course and scope of his employment, and that Boos was limited to recovery of workman's compensation benefits under the Louisiana statutes and could not sue the statutory employer in tort. On November 14, 1995, the United States District Court granted the motion for summary judgment as to the issue of statutory employment status but denied the summary judgment as to the issue of course and scope of employment. BP moved again for summary judgment in February 1996 on the issue of "course and scope of employment" and by order entered on March 7, 1996, the district court granted the motion for summary judgment as to that issue and then entered a final judgment in favor of BP dismissing Boos' complaint with costs. Boos appeals from this final judgment.

We have carefully reviewed the briefs, the record excerpts and relevant portions of the record itself, and for the reasons stated by the district court in its Ruling on Motion filed November 14, 1995 and its Ruling on Motion filed March 7, 1996, we conclude that the grant of summary judgment in favor of BP was proper. The final judgment entered in this case under date of March 8, 1996, is **AFFIRMED**.